## STANDARD FINANCE COMPANY *v.* STEPHEN C. LITTLE.

[No. 27, October Term, 1930.]

*Decided October 19th, 1930.*

The cause was argued before Bond, C. J., Pattison, Urner, Offutt, Digges, Parke, and Sloan, JJ.

*Louis Mitnick,* for the appellant.

*William L. Marbury, Jr., Assistant Attorney General,* with whom was *J. Kemp Bartlett, Jr.,* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The appellant, a mortgagee of land and chattels, has sued the clerk of the Superior Court of Baltimore City for damages supposed to have resulted from a failure to enter its mortgage in the general index of land records kept by the clerk. The appeal is from a judgment for the defendant entered on the sustaining of a demurrer to the third amended declaration.

The appellant contends that the indexing of conveyances is a part of the recording which is required to pass title, and that without an indexing of the particular instrument the recording was not complete, the mortgage lien was not preserved as against a subsequent vendee without actual notice of it, and there having been a conveyance to such a vendee the appellant was deprived of his security by the omission of the clerk.

This court concurs with the trial court in disagreeing with this contention. We are of opinion that the lien would be secured and continue unaffected by the omission from the index, and that the declaration does not therefore show the possibility of loss assumed.

The lien of a mortgage is preserved under the statutory

provisions that deeds shall, in order to pass title, be executed, acknowledged and recorded, and that mortgages shall be executed, acknowledged and recorded as is required with respect to deeds. Code, art. 21, secs. 1, 13, 15 and 32.

The relevant sections of that article, which covers the subject of conveyancing, speak of recording as necessary to the passing of title without referring to an index. It is in article 17 of the Code, concerning clerks of courts, that the provisions for an index are found. Sections 59, 61 and 62. These latter sections require, first, that the clerks in the state shall record such instruments in well-bound books which shall themselves contain alphabetical indexes of the contents, and, further that the clerks shall make and keep up general indexes. It is the general index from which, according to the allegations, the entry was omitted in this instance. Throughout these articles in the Code, the recording of an instrument, which effectuates the passing of title, is referred to as a mere transcription before the indexes are made; and it seems to the court that the indexing has not been conceived of as part of that recording. The section which provides for the general index, article 17, section 61, itself draws a distinction between the recording and the indexing, in its provision that there shall be an index kept by the clerks "of all deeds, mortgages, bills of sale, and other conveyances of record in their respective offices, which index * * * shall refer to the book and page of the record of the several conveyances designating the same." The preceding section, article 17, section 60, concerning the recording of bonds, provides that the clerks shall be entitled to charge "for their recording and indexing, similar fees to those charged for recording and indexing chattel mortgages by said clerks." And the distinction is according to the common acceptation of the terms in this state.

The argument for including the indexing within the recording, as an essential part of it, is based upon the importance of the indexing and the danger of losses to persons dealing with property if there may be instruments completely effective to pass title without mention in the indexes. The importance and the danger are obvious. And it is conceivable

that a legislature might deem it wise to avoid the danger by including the indexing with the recording as essentials to the complete passing of title. But it seems to this court clear that the General Assembly of this state has not done so, and that the court would be adding to its provisions if it should give the indexing the place in the law contended for by the appellant. See review of authorities in a note, 63 *A. L. R.* 1057.

*Judgment affirmed, with costs to the appellee.*